IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LUANN JERIN, )
 )
      Plaintiff, )
 )
-vs- ) Civil Action No. 07-1708
 )
MICHAEL J. ASTRUE, )
COMMISSIONER OF SOCIAL SECURITY, )
 )
      Defendant. )

## ORDER

Gary L. Lancaster,
District Judge.                                       October 15, 2008

      This is an appeal from the final decision of the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act. Jurisdiction is proper pursuant to 42 U.S.C. § 405 (g). Plaintiff, Luann Jerin, alleges that the Administrative Law Judge's ("ALJ") decision that she is not disabled, and therefore not entitled to disability insurance benefits, should be reversed because the ALJ's determination of Plaintiff's credibility was unsupported by the record. Plaintiff also alleges that the Appeals Council erred when it determined that the second report of Dr. Crabtree was not "new and material" and did not consider it.

      Plaintiff protectively filed an application for disability insurance benefits on June 10, 2005. (R. at 73-6). Plaintiff alleged a disability onset date of October 2, 1987. (R. at 79).[1] After the claim was denied, a hearing was held before the ALJ. (R. at 315-371). Plaintiff, who was represented by counsel, and an impartial vocational expert, John Panza, testified at the hearing.

---

[1] Prior to the application that is presently at issue, Plaintiff had filed four previous DIB applications; all of which were denied by prior ALJs with the final denial falling on February 11, 2005. (R.13, 43-61).

(R. at 391-406). On May 7, 2007, the ALJ found that plaintiff was not disabled. (R. 13-21). Plaintiff submitted additional evidence to the Appeals Council, but the Appeals Council found no basis for changing the ALJ's decision and denied plaintiff's request for review on October 19, 2007. (R. at 5-8). After thus exhausting her administrative remedies, plaintiff commenced this action against the Commissioner pursuant to 42 U.S.C. § 405 (g).

When resolving the issue of whether a claimant is disabled and whether a claimant is entitled to DIB benefits, the Social Security Administration applies a five step analysis. 20 C.F.R. § 404.1520 (a). The ALJ must determine: (1) whether the claimant is currently engaging in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment whether it meets or equals the criteria listed in 20 C.F.R. pt. 404. subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. § 404.1520. In all but the final step, the burden of proof is on the claimant. Mason v. Shalala, 994 F.2d 1058, 1064 (3d Cir. 1993).

In this case, the ALJ determined that plaintiff was not disabled at the fifth step of the sequential evaluation process. (R. at 13-21). He concluded that plaintiff suffered from osteoarthritis of the knees; status post left patella fracture and surgical repair; degenerative disc disease of the cervical and thoracic spine; history of gastritis; history of intermittent anemia; reported history of diffuse myalgias and joint pain; irritable bowel syndrome; reported history of headaches; history of Raynand's phenomenon; history of dermatological conditions including rosacea, seborrheic dermatitis, hyperkeratosis and chronic herpes zoster; Fuch's dystrophy; a conversion/somatization disorder; and a personality disorder, which were deemed to be a combination of severe impairments under 20 C.F.R. §404.1520 (c). (R. at 16). The ALJ determined, however, that these impairments did not meet or medically equal an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Id.). The ALJ concluded that plaintiff had no past relevant work. (R. at 19). Nonetheless, he determined that plaintiff could perform a range of sedentary work, and that jobs falling within the confines of her residual functional capacity existed in significant numbers in the national economy. (R. at 23-25).

In support of her motion for summary judgment, plaintiff makes two arguments. First, she argues that the Appeals Council erred when it did not explain its decision that the second report of Dr. Crabtree was not "new and material". (Br. for Plaintiff at 16). Secondly, she contends that the medical record does not support the ALJ's finding that Plaintiff's subjective complaints were not credible due to her somatoform disorder. ( Id. at 10). The Court will proceed to address each argument.

With regard to the decision of the Appeals Council, their determination not to review is not a final decision, and therefore, the Appeals Council is not required to explain their finding that Dr. Crabtree's report was not "new or material". *See Damato v. Sullivan*, 945 F.2d 982, 988-89 (7th Cir. 1991). For the submission of Dr. Crabtree's second report to be considered after the rendering of the ALJ's opinion, it would be necessary for the information submitted to meet three criteria: it must new, material, and the failure to submit the documentation during the administrative proceeding must be for "good cause". *Shuter v. Astrue*, 537 F.Supp.2d 752, 756-57 (E.D.Pa., 2008). It is worth noting that Plaintiff has failed to provide any evidence of good cause as to why the second report of Dr. Crabtree was not submitted prior to the rendering of the ALJ's opinion. While Plaintiff claims that the report and the ALJ's opinion "crossed in the mail", the Plaintiff did not submit any evidence that Attorney Julian submitted the report in a timely fashion or even that he submitted the report at all. Minus the assertion by Attorney Julian that he sent the report on May 8, 2007, Plaintiff has provided no evidence that the report was ever submitted to or received by the ALJ. (R. 313). The ALJ's opinion was rendered on May 7, 2007. The administrative hearing was held on April 11, 2008. At the hearing, the ALJ made it clear to Attorney Julian that he had "up until the day [the ALJ] issue[d] his opinion to render and submit any decision that [Plaintiff] want[ed] pursuant to the regulations." (R. 322). Attorney Julian sent a letter on April 18, 2007 requesting more information from Dr. Crabtree. (R. 311). By letter dated April 30, 2007, Dr. Crabtree responded with his report. (Id.) However, Attorney Julian did not send the information to the ALJ until May 8th, nearly a month after the hearing. Therefore, the Plaintiff has failed to show that delay in providing the report was for "good cause".

Plaintiff's second argument with respect to the alleged inability of the ALJ to properly analyze Plaintiff's credibility centers on the assessments and opinions of Dr. Michael Crabtree

3

and Dr. Mary Pontzer. On December 21, 2006, Dr. Pontzer performed a psychiatric evaluation on Plaintiff. (R.at 283-88). Dr. Pontzer reported that Plaintiff fit the criteria for a somatization disorder: "she has pain related to at least four different sites (abdominal, bone, joint pain, headaches, and neuropathic pain); at least two GI symptoms (gas, constipation, nausea); more than one of the sexual symptoms required (sexual indifference, menstrual irregularity), and vague if not pseudoneurologic symptoms such as weakness, hyperacuity, dizziness, falling and dropping things"( R. at 287). Pontzer also opined that the disorder "contributes to [Plaintiff] being more dysfunctional than she needs to be." (Id.)

On January 27, 2007, Dr. Crabtree performed a psychiatric evaluation on Plaintiff. He also diagnosed Plaintiff with a somatization disorder. (R. at 295). Dr. Crabtree completed a Medical Source Statement in which he opined that Plaintiff had slight restrictions in her ability to understand and remember short, simple instructions; carry out short, simple instructions; understand and remember detailed instructions; interact appropriately with supervisors; interact appropriately with co-workers; and respond appropriately to changes in a routine work setting.(R. 299). He further concluded that Plaintiff had moderate restrictions in interacting appropriately with the public and responding appropriately to work pressures in a usual work setting. (Id.) Finally, he concluded that she had no restriction in making judgments on simple work-related decisions.(Id.)

In his decision, the ALJ asserted that he gave Plaintiff the maximum benefit of the doubt with regard to her physical ailments, despite the ALJ's finding her to only be partially credible. (R. at 18). In making this credibility assessment, the ALJ relied on several factors. (R. at 18-19). First, he relied on the past findings of prior ALJs and stated "three different Administrative Law Judges have concluded following hearings that the objective medical evidence of record was insufficient to support the claimant's subjective complaints." He also assessed that the current application for DIB was her fifth since 1987 and that this fact coupled with Plaintiff's failure to present new and material evidence required a concurrence with the "well-reasoned disability determination made by the [sic] Administrative Law Judge in February 2005." (R. at 18). Finally, the ALJ relied on the Medical Source Statements of Dr. Mathew and Dr. Crabtree. (R. at 19).

4

Plaintiff contends that the nature of a somatization disorder would not support the ALJ's finding that Plaintiff was only partially credible. Plaintiff asserts that because a somatoform disorder is a mental health disorder characterized by "the presence of physical symptoms for which there are no demonstrable organic findings or known physiological mechanisms," the record cannot support a finding that she was not accurately reporting physical symptoms. 20 CFR Part 404, Subpart P, Appendix 1, Section 12.00, Medical Listing 12.07. While the reports of Dr. Pontzer and Crabtree diagnosed Plaintiff with a somatoform disorder, the Medical Source Statement of Dr. Crabtree gave Plaintiff only slight to moderate restrictions in her ability to perform daily activities. (R. at 295). Since this report was concurrent with Plaintiff's diagnosis, it is clear that although Dr. Crabtree diagnosed Plaintiff with a somatoform disorder, he also was of the opinion that she was not severely limited or affected by the disorder. (Id.) The report of Dr. Pontzer also gives no indication that Plaintiff was severely limited or affected by her somatoform disorder. As a result, the ALJ did not err in his assessment of Plaintiff's credibility.

After considering all the arguments of plaintiff, the Court must affirm the decision of the Commissioner under 42 U.S.C. §405 (g) as it is supported by substantial evidence.

AND NOW, this _15_ day of October, 2008, IT IS HEREBY ORDERED that plaintiff's motion for summary judgment is DENIED and defendant's motion for summary judgment is GRANTED.

BY THE COURT:

_[signature]_, J.

cc:    All Counsel of Record

5